Approved: _____
          NICHOLAS S. BRADLEY
          Assistant United States Attorney

Before:   THE HONORABLE ANDREW E. KRAUSE
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x    20 MJ 12903

UNITED STATES OF AMERICA              :  **SEALED COMPLAINT**

          - v. -                      :  Violations of
                                         18 U.S.C. §§ 922(g)(1)
KEVIN GRANT,                          :  and 2

                                      :  COUNTY OF OFFENSE:
                Defendant.               ORANGE

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

          MICHAEL D. MATARAZA, being duly sworn, deposes and says that he is a Task Force Officer with the Federal Bureau of Investigation ("FBI"), and charges as follows:

                              COUNT ONE

          1.   On or about November 19, 2020, in the Southern District of New York and elsewhere, KEVIN GRANT, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit, a Black Rain Ordnance Spec-15 5.56 caliber rifle, and the firearm was in and affecting interstate commerce.

          (Title 18, United States Code, Sections 922(g)(1) and 2.)

          The bases for my knowledge and for the foregoing charge are, in part, as follows:

          2.   I am a Sergeant with the Town of Crawford Police Department and a Task Force Officer with the FBI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses, and others, as well as my

examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my participation in this investigation, my review of reports and records from the Town of Crawford Police Department ("CPD"), and my conversations with other law enforcement officers, I have learned the following, in part and in substance:

a. On or about November 19, 2020, a CPD officer ("Officer-1") entered a licensed firearms dealer located in the vicinity of Montgomery, New York ("Firearm Store-1"). While inside the store, Officer-1 saw an individual that she recognized from prior law enforcement encounters as KEVIN GRANT, the defendant. Officer-1 was familiar with GRANT's criminal history, which included prior felony convictions in New York State, and advised employees of Firearm Store-1 that GRANT could not legally be sold a firearm.

b. Law enforcement subsequently interviewed employees of Firearm Store-1. Those employees reported, in part and in substance, that on or about November 19, 2020, a male, who as described below was later identified as GRANT, entered Firearm Store-1 carrying a black rifle bag. GRANT placed the bag on the counter, opened it, and removed a Spec-15 AR-style 5.56 caliber rifle that the employees recognized as being manufactured by Black Rain Ordnance (the "Firearm"). GRANT asked, in substance, whether the employees could alter the stock of the weapon in a manner that would render it non-compliant with New York State law. The employees advised GRANT that they could not make such modifications under state law.

c. One of the employees further reported to law enforcement, in part and in substance, that the rifle bag where the Firearm was kept had a price tag that the employee recognized as belonging to another licensed firearms dealer where the employee used to work ("Firearm Store-2").

d. When the employees refused to make the requested modification, GRANT pointed to a gun on the store display case – a Spikes Tactical ST15 rifle – and said that his wife would soon be in the store to purchase the gun for him.

   e. A short time later, a female entered Firearm Store-1 and began filling out transaction paperwork for the purchase of the rifle that GRANT had previously identified to the Firearm Store-1 employees. One of the employees refused the sale, and GRANT and the female left Firearm Store-1 a short time later.

   f. The employees also reported to law enforcement, in part and in substance, that GRANT told the employees that he had built multiple pistols without serial numbers.

  4. Based on my discussions with other law enforcement officers, and on my review of reports and records in this investigation, I have learned that, as part of the investigation, CPD officers collected and reviewed video security footage from cameras inside Firearm Store-1 depicting the aforementioned events that occurred on or about November 19, 2020. Through my review of this security footage, I have observed, among other things, the following:

   a. At approximately 3:31 p.m., a male enters Firearm Store-1 carrying a black rifle bag.[1] The male briefly removes his mask while looking into the security camera positioned on the opposite side of the room. I am familiar with KEVIN GRANT, the defendant, and his appearance based on prior law enforcement encounters and on my review of a recent booking photograph. Based on that familiarity, I recognize the male in the video as GRANT, as depicted in the screen shot below:

---

[1] Based on my discussions with the owner of Firearm Store-1, I understand that the timestamp on the footage is approximately one hour slower than actual time.



        b.    Shortly after entering Firearm Store-1, GRANT opens the rifle bag, revealing the Firearm inside. GRANT gestures and points toward the Firearm while talking with the two employees inside. GRANT then begins examining other firearms on display around the store. At approximately 3:35 p.m., GRANT picks up the Firearm during a discussion with the store employees. At approximately 3:44 p.m., GRANT zips the rifle bag closed as other customers enter the store. Below is a screenshot of GRANT with the Firearm he brought into the store and placed on the counter:



        c.    At approximately 3:45 p.m., Officer-1 enters Firearm Store-1 and begins speaking with an employee at the counter. At approximately 3:46 p.m., a female enters the store. GRANT turns to the employee at the counter, points to the female, and then leaves.

        d.    Officer-1 leaves Firearm Store-1 at approximately 3:50 p.m. Shortly afterward, the female leaves the store and returns with GRANT. GRANT points to a rifle on the display case by the door (the Spikes Tactical ST15 rifle mentioned in Paragraph 3(d) above), picks it up, and hands it to the employee behind the counter. The female then begins to fill out purchase paperwork at the counter.

        e.    At approximately 4:00 p.m., one of the employees appears to begin speaking with GRANT and the female. The employee shakes his head, apparently declining the sale of the Firearm, which is consistent with the information provided by the employees in Paragraph 3(e) above. Seconds later, GRANT and the female leave the store, with the female picking up the rifle bag containing the Firearm that GRANT was originally carrying.

5.  I have reviewed a copy of the transaction records for the Spikes Tactical ST15 rifle that the female attempted to purchase in Firearm Store-1. Based on that review, I have learned that the would-be buyer ("Individual-1") identified herself by the name of a person I know from my discussions with other law enforcement officers to be the wife of KEVIN GRANT, the defendant.

6.  Based on my review of reports and records in this case, as well as my discussions with other law enforcement officers, I have learned that law enforcement collected purchase records associated with Individual-1 at Firearm Store-2. As noted above, one of the employees of Firearm Store-1 reported to law enforcement that the Firearm appeared to have a tag from Firearm Store-2. The records collected from Firearm Store-2, which I have reviewed, revealed that Individual-1 purchased a Black Rain Ordnance Spec-15 5.56 caliber rifle (*i.e.* the same weapon as the Firearm) on or about June 16, 2019.

7.  Based on my training and experience, I know that the identified manufacturer of the Firearm – Black Rain Ordnance – does not manufacture guns in New York State.

8.  I have reviewed a criminal history report for KEVIN GRANT, the defendant, from which I have learned that GRANT has multiple prior felony convictions. Most recently, on or about August 25, 2015, GRANT was convicted in the Orange County Court of Grand Larceny in the Fourth Degree, in violation of New York Penal Law Section 155.30(05). In connection with that conviction, GRANT was sentenced a term of imprisonment of 18 months to three years. Based on my training and experience, I am aware that the aforementioned crime is punishable by a term of imprisonment exceeding one year.

WHEREFORE, deponent respectfully requests that an arrest warrant be issued for KEVIN GRANT, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

*Michael Mataraza*  (Credentials inspected -- Crawford P.D. # 113)
MICHAEL D. MATARAZA
Task Force Officer
Federal Bureau of Investigation

Sworn to before me through the
transmission of this Complaint by
reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1 this
2nd day of December, 2020

*Andrew Krause*                By FaceTime
THE HONORABLE ANDREW E. KRAUSE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

7